IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 07-cv-02715-WYD-KLM

CHANEL, INC.,

    Plaintiff,

v.

PRO SKILLS ENTERPRISES, LLC d/b/a CHANEL FLORALS & GIFTS;
MARK SPIVEY d/b/a CHANEL FLORALS & GIFTS; and
MAKHAILA SPIVEY d/b/a CHANEL FLORALS & GIFTS,

    Defendants.

---

ORDER ENTERING DEFAULT JUDGMENT AGAINST DEFENDANTS
PRO SKILLS ENTERPRISES, LLC AND MARK SPIVEY

---

THIS MATTER is before the Court on Plaintiff's Motion for Entry of Default Judgment Against Defendants Pro Skills Enterprises, LLC and Mark Spivey, filed April 16, 2008 (docket #16). By way of history, this matter was commenced by Plaintiff Chanel, Inc. ("Chanel" or "Plaintiff") by filing a complaint charging defendants Pro Skills Enterprises, LLC d/b/a Chanel Florals & Gifts ("Pro Skills"), Mark Spivey d/b/a Chanel Florals & Gifts ("Spivey") and Makhaila Spivey d/b/a Chanel Florals & Gifts trademark dilution, trademark infringement and unfair competition under federal law, 15 U.S.C. § 1114(1), 1125(a) and1125(c). Plaintiff voluntarily dismissed its claims against defendant Makhaila Spivey d/b/a Chanel Florals & Gifts without prejudice on February 12, 2008;

Defendants Pro Skills and Spivey (collectively hereinafter, "Defendants") were

each been duly served with a copy of the Complaint.  The Defendants failed to answer or otherwise move in response to this Complaint.  On February 29, 2008, the Clerk of the Court noted Defendants' default.

The Court having reviewed the aforementioned motion and upon reading the attached Affidavits of Veronica L. Hrdy and Michael Chiappetta, sworn to April 11, 2008; and the certificate of Gregory C. Langham, Clerk of the Court, United States District Court for the District of Colorado, noting the default of the Defendants for failure to answer or plead on the above-captioned action, it is hereby

ORDERED that:

1. This is an action for trademark dilution under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c); trademark infringement under §32(1) of the Lanham Act, 15 U.S.C. §1114(1); and unfair competition and false designation of origin under §43(a) of the Lanham Act, 15 U.S.C. §1125(a), arising out of and based on Defendants' commercial use and exploitation of the names CHANEL FLORALS AND GIFTS, in violation of Plaintiff's prior rights in the famous trademark CHANEL.  Plaintiff has requested injunctive relief.

2. Chanel is a corporation organized and existing under the laws of the State of New York with a principal place of business at 9 West 57th Street, New York, New York 10019.

3. Pro Skills is a Colorado limited liability company doing business as Chanel Florals and Gifts, with a principal place of business at 8050 West Jewell Avenue, Lakewood, Colorado 80232.

4. Spivey is an individual and the owner of Pro Skills, with a place of business at 8050 West Jewell Avenue, Lakewood, Colorado 80232. Spivey does business as CHANEL FLORALS AND GIFTS, and is jointly and severally responsible for and controls the business of Pro Skills, including its unauthorized use of the name CHANEL FLORALS AND GIFTS.

5. This Court has jurisdiction over the subject matter of this action pursuant to Section 39 of the Trademark Act of 1946 (the "Lanham Act"), 15 U.S.C. § 1121, and under Sections 1331 and 1338(a) of the Judicial Code, 28 U.S.C. §§ 1331, 1338(a).

6. This Court has personal jurisdiction over Defendants because each of them resides in and continuously and systematically conducts, transacts and solicits business in this district. C.R.S.A. § 13-1-124.

7. Venue is proper in this district pursuant to Section 1391(b) of the Judicial Code, 28 U.S.C. § 1391(b), because each of the Defendants is subject to personal jurisdiction in this district due to the transacting of business herein, because each has substantial contacts with this district, because each resides in this district, and because a substantial portion of the events at issue have arisen and will arise in this judicial district and Plaintiff is suffering harm in this judicial district.

8. Plaintiff is a premier manufacturer and seller of a wide variety of luxury consumer products, and is a recognized leader in the fields of fashion and beauty. For over 90 years, Plaintiff has used CHANEL as a trade name, house mark, trademark and service mark to identify its goods, services and business and to identify the source of its products and services.

-3-

9. Plaintiff owns numerous valid and subsisting federal trademark registrations for the CHANEL mark in the United States, all of which are in full force and effect.

10. Plaintiff has built the value of the CHANEL mark through sales of millions of dollars of products bearing the CHANEL mark, through the provision of services under the CHANEL mark, and through global marketing and promotional activities. As a result of these sales and activities, the CHANEL name and mark is famous nationally and is widely recognized by the general consuming public of the United States as a designation of source of the goods and services of Plaintiff.

11. The CHANEL mark is a strong mark entitled to a broad scope of protection.

12. Defendants adopted the trade name CHANEL FLORALS AND GIFTS (this name, along with any substantially identical name, e.g., CHANEL FLORALS & GIFTS, shall be referred to herein as the "Infringing Names") in connection with a boutique retail store through which Defendants offer for sale, sell and/or provide flowers, gifts, wedding coordination services and other goods and services in or around 2004.

13. Defendants' adoption of the Infringing Names occurred long after Plaintiff's CHANEL mark became famous and was done with knowledge of Plaintiff's rights in the CHANEL mark.

14. In connection with their business, on or about September 29, 2004 and May 22, 2006, Defendants registered the domain names chanelfloralsandgifts.com and

chanelfloralsandgifts.net (the "Domain Names"), respectively, which Defendants use in connection with their CHANEL FLORALS AND GIFTS website (the "Website"). Through the Website, Defendants offer their flower and gift products for sale and advertise their CHANEL FLORALS AND GIFTS boutique shop.

15. Defendants' Infringing Names and the Domain Names incorporate the CHANEL mark in its entirety and are confusingly similar to the famous CHANEL mark.

16. Defendants adopted and used the Infringing Names and the Domain Names in commerce without Chanel's authorization or consent and with full knowledge of Chanel's exclusive rights to the CHANEL mark.

17. Defendants' use of the Infringing Names and their registration, maintenance and use of the Domain Names constitutes (a) dilution by blurring of the CHANEL mark in violation of Section 43(c) the Lanham Act, 15 U.S.C. § 1125(c); (b) infringement of Plaintiff's federally registered CHANEL trademark in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1); and (c) unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

18. Defendants jointly and severally, and any of their individual or collective officers, agents, privies, shareholders, principals, directors, licensees, attorneys, servants, employees, affiliates, subsidiaries, successors, assigns, heirs and designees, and all those persons in concert or participation with any of them, any entity or business owned or controlled in whole or in part by any of the Defendants now or in the future, and any individual or entity who succeeds to or are the recipients of any or all the assets of any of Defendants' businesses, are hereby permanently enjoined and

forever restrained from:

 (a) Using the Infringing Names or Domain Names on or in connection with any business or service or in connection with the advertising, marketing or promotion of any business or service;

 (b) imitating, copying or making unauthorized use of the mark CHANEL, or any simulation, reproduction, copy, colorable imitation or confusingly similar variation of the mark CHANEL, in or as part of any corporate name, partnership name, trademark, service mark, domain name, e-mail address, trade name, business name, company name, fictitious name or other identifier (any such name or mark, including but not limited to the Infringing Names and Domain Names, shall hereinafter be referred to as a "Prohibited Name"), or otherwise presenting any Prohibited Name on or in connection with any goods, businesses or services offered by Defendants or the advertising or promotion thereof;

 (c) using a Prohibited Name to refer to or describe any products, goods, services, events or activities, offered by or on behalf of Defendants or any individual, entity or other third party affiliated with Defendants or in any advertising or marketing activities;

 (d) using a Prohibited Name in or as part of any domain name, keyword, metatag, source code or other Internet search term, or otherwise using a Prohibited Name on or in connection with any website owned or controlled by Defendants or any website used by Defendants to advertise,

market or promote any goods, businesses, services, events or activities;

(e) purchasing any Internet keywords that use or include a Prohibited Name, or publishing or sending any email using an address or "re" line that includes a Prohibited Name;

(f) applying to register, registering, reserving, maintaining, renewing or using any trademark, service mark, fictitious name, corporate name, company name, business name, keyword, email address or domain name that includes in whole or in part any Prohibited Name or that otherwise consists of any words, terms, phrases or symbols which dilute or are likely to dilute the distinctiveness of Plaintiff's CHANEL mark;

(g) using a Prohibited Name in connection with the importation, promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation or distribution of any product or the provision of any goods or services;

(h) using in any manner in a business or in connection with any products, services or business, or the advertising or promotion thereof, directly or indirectly, a Prohibited Name in such a fashion as to dilute or tend to dilute the distinctive quality of Plaintiff's CHANEL mark;

(i) engaging in any other activity which dilutes or is likely to dilute the distinctive quality of Plaintiff's CHANEL mark;

(j) engaging in any other activity which infringes Plaintiff's CHANEL mark or constitutes unfair competition with Plaintiff; or

(k) instructing, assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (j) above.

19. Within five (5) days after receipt of notice of this Judgment, Defendants shall (a) permanently remove from public view any and all store or business signage that displays the Infringing Names, the Domain Names or any other Prohibited Name; (b) file all necessary documents with appropriate state and local agencies to request cancellation of all business registrations of the Infringing Names; (c) cancel or have removed all directory listings that include or refer to the Infringing Names and/or the Domain Names and; (d) destroy all materials in their possession, custody or control that include or bear the Infringing Names and/or the Domain Names (e.g., goods, labels, tags, signs, stationery, prints, packages, promotional and marketing materials, business cards, advertisements and other materials) or otherwise revise or amend the materials such that all references to the Infringing Names and Domain Names are completely removed.

20. To the extent Defendants fail to comply with Paragraph 19 of this Judgment in connection with their retail business located at 8050 West Jewell Avenue, Lakewood, Colorado 80232 (the "Retail Business"), this Court will issue a bench warrant authorizing law enforcement officials to mandate closure of the Retail Business until Defendants comply with Paragraph 19 of this Judgment in full.

21. Within five (5) days after receipt of notice of this Judgment, all domain names registered, owned or controlled by either of the Defendants that incorporate the

CHANEL mark or that otherwise infringe any of Plaintiff's trademarks, including but not limited to the Domain Names, shall be cancelled, or, at Plaintiff's election, Defendants shall transfer such domain names to Plaintiff and execute all necessary documents, approve all requests for transfer and take all actions necessary to effectuate such transfer.

22. In the event Defendants do not take all actions necessary to cancel or transfer to Plaintiff any domain names required to be cancelled or transferred to Plaintiff hereunder, the applicable registrars for such domain names are hereby ordered to take all necessary action to cancel the registrations of such domain names or, at Plaintiff's election, transfer such domain names to Plaintiff.

23. All domain names required to be cancelled or transferred to Plaintiff hereunder shall be locked by the applicable registrar pending cancellation or transfer to Plaintiff such that these domain names may not be transferred except as per this Judgment.

24. Any Internet service provider providing website hosting services to Defendants in connection with the Website, or any other site that makes use of the Infringing Names (an "Infringing Site"), shall immediately remove the Website and/or other Infringing Sites from the Internet.

25. Defendants are directed to file with the Court and serve upon Plaintiff's counsel within thirty (30) days after entry of judgment a report in writing under oath, setting forth in detail the manner and form in which they have complied with the above.

26. In the event that Defendants at any time violate any provision of this

Judgment, Chanel shall be entitled to all relief under 18 U.S.C. § 401 et seq. for contempt of a Court order, including costs and reasonable attorneys' fees and for such other and further relief to which Chanel may be entitled including injunctive relief. The jurisdiction of this Court is retained for the purposes of making any other orders necessary to enforce or implement the terms of this Judgment and to punish or award damages for violations thereof.

Dated: April 23, 2008

        BY THE COURT:

        s/ Wiley Y. Daniel
        Wiley Y. Daniel
        U. S. District Judge